IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Shantell Lewis,<br><br>Plaintiff,<br><br>v.<br><br>Dollar General Corporation and John Doe,<br><br>Defendants. | Case No. 7:25-cv-04810-DCC<br><br><br><br>**ORDER** |

This matter is before the Court upon Plaintiff's amended complaint. ECF No. 17. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge issued a Report recommending that this action be dismissed without issuance and service of process and without further leave to amend. ECF No. 20. Plaintiff filed objections to the Report. ECF No. 25.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

The Magistrate Judge provides a thorough recitation of the relevant facts and appliable law, which this Court incorporates by reference. Because Plaintiff filed objections, the Court's review has been de novo.[1]

***42 U.S.C. § 1983***

Plaintiff purports to bring claims pursuant to 42 U.S.C. § 1983. The Magistrate Judge recommends dismissal of any such claim because Defendants are not state actors. In the objections, Plaintiff includes several pages of definitions and statements regarding state and federal jurisdiction. Plaintiff seems to allege that courts have taken an expansive view of state action, such that Defendants could be considered state actors. The Court finds that this assertion is an incorrect statement of the law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (holding that a plaintiff alleging a claim under § 1983 must

[1] Plaintiff also states that he is entitled to liberal construction as a pro se party. The Court has liberally construed Plaintiff's filings and finds that the Magistrate Judge also liberally construed his pleading.

allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law); *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999) (holding that the conduct necessary to implicate § 1983 "must be 'fairly attributable to the State.' The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions" (citations omitted)); *Booker v. Dollar Gen. Store*, C/A No. 6:23-cv-01037-DCC-JDA, 2023 WL 3998147, at *4 (D.S.C. Apr. 10, 2023) ("Plaintiff has not alleged facts showing that the Dollar General Defendants are state actors or that they were wilful participants in joint action with the police such that they are subject to liability under § 1983."), *Report adopted by* 2023 WL 3996344 (D.S.C. June 14, 2023). Accordingly, Plaintiff's claims brought pursuant to § 1983 are dismissed.[2]

***42 U.S.C. § 1981***

The Magistrate Judge liberally construed a claim pursuant to § 1981. As explained in more detail by the Magistrate Judge, Plaintiff alleges that an employee of Dollar General Corporation accused him of shoplifting. However, "[b]ecause Plaintiff does not allege that Defendants prohibited him from making any purchases at the store, he fails to state a claim for relief under § 1981 and dismissal is appropriate." *Devoux v. Baird*, C/A

[2] Plaintiff also states that Eleventh Amendment immunity does not bar an action against the State. As there is no state action, neither the Magistrate Judge nor the undersigned has considered Eleventh Amendment immunity as a bar to Plaintiff's claims.

No. 5:12-cv-01406-GRA, 2014 WL 1767477, at *4 (D.S.C. May 1, 2014). Accordingly, this claim is dismissed.

***First Amendment/Defamation***

The Magistrate Judge liberally construed a First Amendment claim for defamation and slander. As explained in more detail by the Magistrate Judge, the First Amendment does not provide a private right of action for defamation and Plaintiff's claims do not implicate a violation of a federal right. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."); *Shabazz v. WCBD News 2*, C/A No. 2:17-cv-791-PMD-MGB, 2017 WL 1533500, at *3 (D.S.C. Mar. 27, 2017) ("'Defamation of character' and libel are entirely a matter of state law and do not involve any federal 'constitutional right.' The United States Supreme Court has specifically held that such claims are not cognizable under 42 U.S.C. § 1983."), *Report adopted by* 2017 WL 1509241 (D.S.C. Apr. 27, 2017). Accordingly, Plaintiff's First Amendment claim is dismissed.

***State Law Claims***

Finally, the Magistrate Judge construed Plaintiff's amended complaint a potentially raising state law claims for defamation, libel, and slander. The Magistrate Judge determined that Plaintiff failed to allege sufficient facts to state a plausible claim for relief. "Under South Carolina law, the 'elements of defamation include: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.'"

*Gregg v. Am. Coll. of Med. Genetics & Genomics*, C/A No. 3:22-cv-01218-MGL, 2023 WL 2047504, at *3 (D.S.C. Feb. 16, 2023) (quoting *Murray v. Holnam, Inc.*, 542 S.E.2d 743, 748 (S.C. Ct. App. 2001)). "There are two forms of defamatory communications: libel and slander. While slander is the spoken version of defamation, libel is written or accomplished by actions or conduct." *In re Jasper Pellets, LLC.*, 652 B.R. 262, 272 (Bankr. D.S.C. 2023). In the objections, Plaintiff argues that he is alleging slander per se because shoplifting is a crime of moral turpitude. However, whether a statement is actionable per se only goes to the fourth element. *See McGlothlin v. Hennelly*, 370 F. Supp. 3d 603, 612 (D.S.C. 2019) ("Under the fourth element, the plaintiff must either prove that he suffered special harm from the allegedly defamatory statement or demonstrate that the statement is otherwise 'actionable.' Defamation is actionable *per se* when the statements impute the plaintiff with one of the following acts or characteristics: (1) commission of a crime of moral turpitude; (2) contraction of a loathsome disease; (3) adultery; (4) unchastity; or (5) unfitness in one's business or profession." (footnote, quotation marks, and citation omitted)). Here, Plaintiff has failed to sufficiently allege the second element—an unprivileged publication to a third party. *See In re Jasper Pellets, LLC,* C/A No. AP 22-80045-EG, 2023 WL 4425662, at *7 (Bankr. D.S.C. July 6, 2023) ("Even more problematic is the fact that the allegations fail to 'state with specificity the time, place, medium, and listener of the alleged defamatory statements' and thus fail to state a claim for defamation."). Accordingly, Plaintiff's state law claims are summarily dismissed.

## CONCLUSION

Based on the foregoing and upon review of the record, the applicable law, and the Report, the Court agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** without further leave to amend and without issuance and service of process.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 5, 2026
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.